FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 0 8 2010

JAMES N. HATTEN, Clerk

By: [signature] Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| BIDCACTUS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File |
| v. | ) No. **1 10 · CV - 1040** |
| | ) |
| ROCKYBID.COM, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

**RWS**

## COMPLAINT

COMES NOW Plaintiff Bidcactus, LLC ("Bidcactus") and hereby files its Complaint against Defendant Rockybid.com, Inc. ("Defendant") showing the Court as follows:

### Jurisdiction and Venue

1.

This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332 and 1338, and jurisdiction over the State law claims under 15 U.S.C. § 1367. This case involves claims arising under the Lanham Act, 15 U.S.C. §§1051, *et seq.*

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## Nature of Proceedings

3.

Bidcactus has initiated this civil action to address Defendant's operation of a website located at the Uniform Resource Locator (URL) "www.rockybid.com." As set forth herein, Defendant's conduct gives rise to Bidcactus's claims for monetary damages; injunctive and other relief associated with Federal trademark infringement and service mark infringement arising out of 15 U.S.C. Chapter 12 §1125 (d)(1)(B)(i)(V); federal dilution of Bidcactus's trademark rights pursuant to 15 U.S.C. 1125(c); common law trademark infringement; trademark dilution under the Georgia Uniform Deceptive Trade Practices Act pursuant to O.C.G.A. §10-1-371 et seq.; and tortious interference with Bidcactus's prospective economic advantage.

## Parties

4.

Plaintiff Bidcactus is a Delaware corporation with its principal place of business located at 191 Post Road West, Westport, Connecticut 06880. Bidcactus is engaged in providing internet-based auction services through its website at the URL "www.bidcactus.com."

5.

Defendant is a Delaware corporation with its principal place of business located at 61-23 190th Street Suite 456 Fresh Meadows, NY 11365.  Defendant is similarly engaged in providing internet-based auction services, and is a direct competitor of Bidcactus.  Defendant transacts business in Georgia and targets Georgia consumers with its advertisements, which advertisements contain the infringement giving rise to this action.

## Factual Background

6.

Users of www.bidcactus.com (hereafter referred to as the "Bidcactus Website") may buy packages of "bids" that may be used to bid on products offered for sale by auction.  Each bid costs seventy-five cents ($0.75) and users attempt to out-bid one another prior to the auction closing.

7.

Bidcactus engages in business using the service marks "BIDCACTUS" and a stylized "BIDCACTUS" mark.   Since at least as early as January 30, 2009, Bidcactus has continuously used the BIDCACTUS mark in interstate commerce to identify its services.  Bidcactus is the owner of the BIDCACTUS Trademark registered on the Principal Register of The United States Patent and Trademark

Office and assigned Registration Number 3766894 in Class 35 ("Auction management services provided to others over an on-line web site accessed through a global computer network"). Since at least as early as January 30, 2009, Bidcactus has also continuously used the stylized BIDCACTUS mark in interstate commerce to identify its services. Representative examples of the registered BIDCACTUS and stylized BIDCACTUS trademarks are attached hereto as Exhibit "A" (hereinafter, all uses of either the BIDCACTUS mark or the stylized BIDCACTUS mark are referred to as the "Bidcactus Marks").

8.

Bidcactus has invested significant sums of money in advertising, marketing and promoting its services under the Bidcactus Marks.

9.

The Bidcactus Marks and Bidcactus's services are promoted nationally, including through the Bidcactus Website.

10.

By virtue of the substantial promotion and sale of its services under the Bidcactus Marks, the Bidcactus Marks are an asset of substantial value to Bidcactus.

11.

Defendant provides Internet-based auction entertainment services at the URL "www.rockybid.com" (hereafter "Defendant's Website").   Defendant's services are nearly identical to, and compete directly with, those offered by Bidcactus.

12.

Upon information and belief, and at all times relevant to this Complaint, Defendant has been aware of the goodwill represented and symbolized by the Bidcactus Marks.

13.

Various   Internet   search   engines,   including,   without   limitation, www.google.com ("Google"), provide programs through which business owners such as Defendant may purchase keywords ("Keyword(s)").   When a consumer conducts an Internet search using a certain Keyword, that user will receive advertisements sponsored by business owners that purchased that Keyword.   This enables Defendant to place its sponsored Keyword advertisements (the "Infringing Advertisements") in front of a consumer that was specifically looking for the Bidcactus Website, or information regarding the Bidcactus Website.

14.

Consumers may click on one of the Infringing Advertisements believing that they are related to, or sponsored by, Bidcactus. Even if the Internet user realizes that the website to which he or she has been linked is not the Bidcactus Website, the damage to Bidcactus has nevertheless occurred. A percentage of such consumers may either remain at Defendant's Website, or may otherwise discontinue their search for Bidcactus.

15.

In an attempt to benefit from the goodwill associated with the Bidcactus Marks, and redirect consumers from the Bidcactus Website to Defendant's Website, Defendant began using "Bidcactus" in its Infringing Advertisements on popular search engines, including, without limitation, Google. Specifically, Defendant targets Georgia consumers in its Infringing Advertisements. An example of Defendants' infringing use is attached hereto as Exhibit "B".

16.

Defendant is in no way affiliated with Bidcactus.

17.

Defendant is not now, nor has it ever been, the owner of a United States trademark application or registration for a mark incorporating "Bidcactus," or common law rights in any mark that incorporates the word "Bidcactus."

18.

Defendant is not now, nor has it ever been a licensee of the Bidcactus Marks.

19.

Defendant is unabashedly exploiting the Bidcactus Marks to redirect consumers to Defendant's Website.

20.

Bidcactus sent two (2) cease and desist letters to Defendant, informing Defendant of the rights of Bidcactus and demanding that the Infringements Advertisements cease. Defendant responded to neither of these letters. Copies of the letters are attached hereto as Exhibit "C."

## Count I

### Federal Trademark Infringement – Initial Interest Confusion
### 15 U.S.C. Chapter 12 §1125 (d)(1)(B)(i)(V)

21.

Bidcactus incorporates herein and realleges, as if fully set forth herein, the allegations contained in Paragraphs 1 through 20 above.

22.

Defendant has used the Bidcactus Marks in bad-faith with the intent to profit from that use in violation of 15 U.S.C. Chapter 12 §1125 (d)(1)(B)(i)(V) which states that infringement occurs where *"the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site."*

23.

Defendant's use of the Bidcactus Marks has likely caused initial interest confusion in the minds of consumers leading such consumers to inadvertently land on Defendant's Website and redirecting such consumers away from Bidcactus's Website, all in violation of the Lanham Act. By way of example, Defendant has

posted the following text as a Keyword advertisement intimating that its website is

the "Official" Bidcactus website and specifically targeting Georgia consumers:

> **bidcactus** - Official
> Amazing Auction Deals on Everything - Why Buy When You Can Win?
> www.rockybid.com
> Georgia

24.

Defendant's actions have unjustly enriched Defendant and caused

substantial damages to Bidcactus.

25.

Defendants' acts have caused irreparable injury to Bidcactus's goodwill and

Bidcactus has no adequate remedy at law.

26.

Bidcactus is entitled to appropriate relief as prayed for herein, including

permanent injunctive relief.

27.

Defendant knew or should have known of the rights of Bidcactus in and to

the Bidcactus Marks.   Defendant has engaged in and continues to engage in the

wrongful conduct set forth above knowingly, willfully and deliberately, so as to

justify the assessment of exemplary damages and an award of attorneys' fees

against them, in an amount to be determined at trial.

## Count II

### Dilution of The Bidcactus Marks - 15 U.S.C. 1125 (c)

28.

Bidcactus incorporates herein and realleges, as if fully set forth herein, the allegations contained in Paragraphs 1 through 27 above.

29.

The Bidcactus Marks are distinctive and famous marks as defined by 15 U.S.C. § 1125 for, among others, the following reasons:

A.    BIDCACTUS is a distinctive unique word that is not merely descriptive;

B.    BIDCACTUS is used extensively in connection with advertising for the services offered by Bidcactus;

C.    BIDCACTUS is used everywhere through advertising on the Internet;

D.    BIDCACTUS is recognized widely, particularly among Internet consumers;

E.    No other business uses a mark similar to the Bidcactus Marks for similar services;

F.    BIDCACTUS is a registered trademark on the Principal Register of the United States Patent and Trademark Office.

30.

Defendant's use of the Bidcactus Marks in the Infringing Advertisements is a use in commerce because Defendant is a commercial entity selling and offering for sale goods and services that directly compete with Bidcactus.

31.

Upon information and belief, Defendant's use of the Bidcactus Marks in commerce occurred *after* the Bidcactus Marks became famous or distinctive.

32.

Defendant's use of the Bidcactus Marks dilutes the distinctive quality of the Bidcactus Marks as it causes and can cause confusion among consumers. Consumers, and potential consumers, may view Defendant's advertisements in response to a search for "Bidcactus" on an Internet search engine and reasonably believe that the Infringing Advertisements are affiliated with or approved and sponsored by Bidcactus.

33.

Defendant's use of the Bidcactus Marks causes a "blurring" of the trademarks' relationship to Bidcactus.  The use by Defendant of the Bidcactus Marks diminishes the ability of consumers to immediately associate the Bidcactus Marks with Bidcactus.

34.

Consumers attempting to locate the Bidcactus Website may not be satisfied with the quality of the products or services located at Defendant's Website, thereby tarnishing the Bidcactus Marks.

35.

Defendant's use of the Bidcactus Marks therefore constitutes a dilution of the Bidcactus Marks.

36.

Bidcactus has incurred and may incur damages related to lost or diverted consumers, and as a result of dilution and tarnishment of the Bidcactus Marks.

37.

Upon information and belief, Defendant was aware of the use by Bidcactus of the Bidcactus Marks and the rights of Bidcactus in and to those marks, and willfully intended to trade upon the goodwill associated with the Bidcactus Marks.

38.

Bidcactus's damages are irreparable and Bidcactus has no adequate remedy at law.

## Count III

### Common Law Trademark Violation

39.

Bidcactus incorporates herein and realleges, as if fully set forth herein, the allegations contained in Paragraphs 1 through 38 above.

40.

Defendant's use of the Bidcactus Marks for the commercial purpose of redirecting Bidcactus consumers to Defendant's Website, without the permission of Bidcactus, is an infringement of the common law trademark rights of Bidcactus.

41.

Defendant's use of the Bidcactus Marks allows Defendant to freely trade off of and benefit from the goodwill and reputation associated with the Bidcactus Marks without consequent expense to itself or compensation to Bidcactus.

42.

Defendant's use of the Bidcactus Marks is deceptive and is likely to cause confusion or mistake in the minds of potential consumers who search for "Bidcactus" on various Internet search engines, and is therefore a violation of the common law trademark rights of Bidcactus.

43.

As a result, Bidcactus has suffered damages in an amount to be determined at trial.

44.

Bidcactus's damages are irreparable, and Bidcactus has no adequate remedy at law.

## Count IV

### Trademark Dilution under the Georgia Anti-Dilution Statute O.C.G.A. §10-1-451(b)

45.

Bidcactus incorporates herein and realleges, as if fully set forth herein, the allegations contained in Paragraphs 1 through 44 above.

46.

Defendant's use of the Bidcactus Marks in advertising campaigns is likely to cause injury to Bidcactus's business reputation and dilute the Bidcactus Marks for, among others, the following reasons:

A.    Defendant offers goods and services that are inferior to those offered by Bidcactus, and Internet consumers may associate the quality of such goods and services with Bidcactus;

B.   The increased difficulty experienced by Internet consumers when searching for the Bidcactus Website using search engines is likely to result in a diminution of the business reputation of Bidcactus in the mind of the Internet consumer, or an impression that Bidcactus is unable to control the use of the Bidcactus Marks.

C.   Internet consumers may view the Bidcactus Marks as not referring solely to the goods and services of Bidcactus, but being a means of finding other, competitive goods and services, diminishing and diluting the Bidcactus Marks such that they no longer serve to distinguish the goods and services of Bidcactus.

D.   Defendant's use of the Bidcactus Marks is with the intent to exploit the favorable impression and goodwill associated with the trademarks for Defendant's own profit without authorization from, or compensation to, Bidcactus.

47.

Bidcactus's damages are irreparable and Bidcactus has no adequate remedy at law.

**Count V**
**Tortious Interference with the Prospective**
**Economic Advantage of Bidcactus**

48.

Bidcactus incorporates herein and realleges, as if fully set forth herein, the allegations contained in Paragraphs 1 through 47 above.

49.

Upon information and belief, Bidcactus consumers, and potential consumers, are "web-savvy" Internet consumers who routinely use the Internet to find information concerning shopping and bargains, as well as other items of interest.

50.

Potential and current Bidcactus consumers are likely to attempt to find information concerning Bidcactus, or look for the Bidcactus Website, prior to doing business with Bidcactus.

51.

Drawing interested individuals to the Bidcactus Website through Internet search engines is a key aspect of the marketing strategy of Bidcactus.

52.

Upon information and belief, a significant percentage of consumers that received Defendant's Infringing Advertisement as a result of a Keyword search for the Bidcactus Marks, were diverted to Defendant's Website from their clear attempt to locate Bidcactus.

53.

Upon information and belief, Bidcactus would have realized additional sales, consumers, and revenue from such diverted consumers were it not for Defendant's intentional and improper use of the Bidcactus Marks in the Infringing Advertisements.

54.

Such use of the Bidcactus Marks as a Keyword for the Infringing Advertisements allows Defendant to benefit and profit from the goodwill and notoriety of the Bidcactus Marks without the expense, time, effort and quality service which Bidcactus has invested into its business reputation and its Bidcactus Marks, and is therefore a violation of trademark laws, unfair competition, "free-riding" and is otherwise improper.

55.

Defendant has intentionally and improperly interfered with the prospective economic advantage of Bidcactus by diverting consumers actively seeking to find Bidcactus to Defendant's Website.

56.

Defendant has refused to cease and desist from such improper use of the Bidcactus Marks, despite due demand.

57.

Bidcactus has suffered and will continue to suffer damage by Defendant's improper actions, such damages are irreparable and Bidcactus has no adequate remedy at law.

### **Demand for Jury Trial**

Bidcactus hereby demands a trial by jury on all claims so triable.

WHEREFORE, by virtue of Defendant's unlawful conduct as alleged above, Bidcactus respectfully prays for the following relief:

1. The Court enter judgment in Bidcactus's favor and against the Defendant on all Counts of this Complaint;

2. The Court enter judgment declaring that Bidcactus owns valid and enforceable trademark rights in the Bidcactus Marks; and that the Defendant, as a result of its unauthorized use in the Infringing Advertisements, has committed trademark infringement in violation 15 U.S.C. Chapter 12 §1125 (d)(1)(B)(i)(V).

3. The Court issue preliminary and permanent injunctions prohibiting Defendant, its officers, directors, agents, principals, divisions, sales representatives, servants, employees, resellers, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them from using the term "Bidcactus" or any confusingly similar variation thereof, in any manner in connection with the creation, offering, advertising, promoting, marketing, or selling of any goods or services in the United States, including, without limitation, as keyword advertisements or metatags, and from otherwise infringing the Bidcactus Marks, and from otherwise unfairly competing with Bidcactus;

4. The Court direct Defendant to file with the Court and serve on counsel for Bidcactus within thirty (30) days after entry of any injunction issued

by the Court a sworn written statement as provided by 15 U.S.C. §1116, setting forth in detail the manner and form in which Defendant has complied with the respective injunctions issued by the Court;

5. The Court order an accounting of, and render judgment against, the Defendant for the profits, gains, and advantages derived from Defendant's wrongful actions, with such amounts to be increased and trebled as provided by law because of the willful and deliberate nature of Defendant's actions;

6. The Court order Defendant to pay Bidcactus actual damages, enhanced damages, and punitive damages in light of the willful, deliberate and wanton nature of Defendant's actions;

7. The Court order Defendant to pay Bidcactus statutory damages for its unlawful conduct;

8. The Court award Bidcactus its attorneys' fees, costs and disbursements herein in view of Defendants' intentional and willful wrongful activities; and

9. The Court award such other, different and additional relief as the Court

deems just and proper.


Respectfully submitted this ___8th___ day of April, 2010.


Anne Marie H. Ring
Georgia Bar No. 359955
Hayden Pace
Georgia Bar No. 558595

Counsel for Plaintiff Bidcactus, LLC


**THE RING FIRM, P.C.**
**PACE LAW, P.C.**
Piedmont Fourteen, Suite 410
3535 Piedmont Road, N.E.
Atlanta, Georgia 30305
404.563.5690 (tel)
404.521.4313 (fax)
hayden@pacelaw.com